Stephanie R. Tatar (SBN 237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRA MORENO,<br><br>                    Plaintiff,<br><br>v.<br><br>CHECKR, INC.<br><br>                    Defendant. | Case No. 3:20-cv-4449<br><br>**COMPLAINT**<br><br>(I) Violations of the Fair<br>Credit Reporting Act,<br>15 U.S.C. § 1681, *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Leandra Moreno, by and through her attorneys brings the following Complaint against Checkr, Inc. ("Checkr" or "Defendant").

## INTRODUCTION

1.      This case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") and the California Investigative Consumer Reporting Agencies Act, Cal. Civil Code § 1786, et. seq. ("ICRAA") against a screening company that routinely violates the FCRA's and ICRAA's basic protections by reporting expunged criminal convictions.

2.      Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress and California have chosen to regulate the procurement, use, and content of those reports through the FCRA and ICRAA.

3.      Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA and ICRAA.  Defendant has willfully violated the FCRA by routinely reporting inaccurate or outdated information on consumers.

4.      Plaintiff had inaccurate and out-of-date convictions reported that had been expunged pursuant to Cal. Penal Code 1203.4.

## THE PARTIES

5.      Plaintiff Leandra Moreno is an individual and resident of California.

6.      Defendant Checkr, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

7.      Defendant sells criminal background checks to employers on job applicants.

8.      Defendant's criminal background checks provide information about whether a job applicant or employee has a criminal history.  Defendant's background checks thus bear on a consumer's "character, general reputation, personal characteristics, or mode of living" and are consumer reports under the FCRA, 15 U.S.C. § 1681a(d) and investigative consumer reports under the ICRAA.  Cal. Civil Code § 1786.2(d).

9.       Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. 1681a(f) and an investigative consumer reporting agency under the ICRAA.  Cal. Civil Code § 1786.2(d).

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the federal claims in this action action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367.

11.      Venue is proper in this District  as Defendant is headquartered in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

12.      Pursuant to L.R. 3-5(a), venue is proper in the San Francisco or Oakland Division.

-2-

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**STATUTORY BACKGROUND**

13.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing.  Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

14.     Recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15 U.S.C. § 1681.

15.     15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report.

16.     Similarly, in 1975, the California legislature recognized that consumer reporting agencies need to "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. Code § 1786(b)

17.     Under the ICRAA, "[w]henever an investigative consumer reporting agency prepares an investigative consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  Cal. Civ. Code § 1786.20.

18.     The ICRAA requires that investigative consumer reporting agencies that report public record information "to verify the accuracy of the information during the 30-day period ending on the date on which the report is furnished." Cal. Civil Code § 1786.18(c).

19.     The ICRAA also requires consumer reporting agencies reporting adverse public record information for employment purposes "shall in addition maintain strict

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." Cal. Civ. Code § 1786.28.

## PLAINTIFF MORENO'S INACCURATE REPORT

20.   In December 2018, Plaintiff successfully expunged three convictions from Fresno County, California pursuant to Cal. Penal Code 1203.4 in September 1999.  These expungements were for felony unlawful taking of vehicle, misdemeanor battery, and misdemeanor graffiti vandalism

21.   Plaintiff's expungements are clearly reflected in the online court records for Fresno County, California.

22.   In or around July 2019, Plaintiff applied to drive for Lyft.  As part of the application process Lyft ordered a background check from Defendant.

23.   Defendant's background check was inaccurate, incomplete and not up to date.

24.   Defendant's report included Plaintiff's three expunged conviction and did not report that that they had been expunged.

25.   Upon viewing the report, Plaintiff was horrified, angry, and embarrassed. She had worked hard to obtain his expungement and embarrassed that his past was exposed to a potential employer.

26.   Plaintiff Moreno may apply to other companies that use Checkr for background checks and is concerned that the inaccurate reporting could recur again.

## COUNT I
### 15 U.S.C. § 1681e(b)

27.   Plaintiff incorporates the paragraphs above.

28.   Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the records it reported,

-4-

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

including by reporting criminal records that don't match Plaintiff's Social Security Number and date of birth and by reporting records that were expunged.

29.     Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b).

30.     Plaintiffs and the Classes are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for this violation.  Plaintiffs are also entitled to punitive damages and to recover costs and attorneys' fees.

**COUNT II**
**Cal. Civ. Code § 1786.18**

31.     Plaintiff incorporates the paragraphs above.

32.     By reporting expunged records on Plaintiff Moreno, Defendant failed "to verify the accuracy of the information during the 30-day period ending on the date on which the report is furnished."  Cal. Civ. Code § 1786.18(c).

33.     Defendant's conduct was grossly negligent and/or willful.

34.     Pursuant to Cal. Civil Code § 1786.50, Plaintiff is entitled to actual damages, injunctive relief, statutory damages, punitive damages, costs and attorneys' fees.

**COUNT III**
**Cal. Civ. Code § 1786.20**

35.     Plaintiff incorporates the paragraphs above.

36.     By reporting expunged records on Plaintiff Moreno, Defendant failed "to follow reasonable procedures to assure maximum possible accuracy" in preparing Plaintiff's consumer report.  Cal. Civ. Code § 1786.20(b).

37.     Defendant's conduct was grossly negligent and/or willful

38.     Pursuant to Cal. Civil Code § 1786.50, Plaintiff is entitled to actual damages, injunctive relief, statutory damages, punitive damages, costs and attorneys' fees.

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**COUNT IV**
**Cal. Civ. Code § 1786.28**

39.     Plaintiff incorporates the paragraphs above.

40.     By reporting expunged records on Plaintiff, Defendant failed to "maintain strict procedures to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." Cal. Civ. Code § 1786.28(b).

41.     Defendant's conduct was grossly negligent and/or willful.

42.     Pursuant to Cal. Civil Code § 1786.50, Plaintiffs Moreno and Connelly and Expunged Records Class Members are entitled to actual damages, injunctive relief, statutory damages, punitive damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

    a.  Declaring that Defendant violated the FCRA and ICRAA;

    b.  Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA and ICRAA;

    c.  Awarding actual, statutory and punitive damages as provided by the FCRA;

    d.  Awarding reasonable attorneys' fees and costs as provided by the FCRA and ICRAA; and

    e.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

1

<b><u>DEMAND FOR JURY TRIAL</u></b>

2

       Plaintiffs demands a trial by jury.

3

Dated:  July 2, 2020                 Respectfully submitted,

4

                                       By:  <u>/s/ Stephanie R. Tatar</u>

5

6

                                     Stephanie R. Tatar (SBN 237792)
                                     TATAR LAW FIRM, APC

7

                                     3500 West Olive Avenue, Suite 300
                                     Burbank, California 91505

8

                                     Telephone: (323) 744-1146
                                     Facsimile: (888) 778-5695

9

                                     Stephanie@thetatarlawfirm.com

10

                                     *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-